IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

Keith Owen Campbell;
Larry A. Campbell; and
West Virginia Citizens Defense League, Inc.,
a West Virginia nonprofit corporation,

     Plaintiffs,

v.                                  Case No. 5:11-CV-00069-FPS

City of Wheeling, a West Virginia municipal corporation;
Robert G. Matheny, personally and in his official capacity
     as the Chief of Police of the City of Wheeling;
Matthew Kotson, personally and in his official capacity as a member
     of the Wheeling Police Department;
Rusty Jewell, personally and in his official capacity as a member
     of the Wheeling Police Department;
Unknown Officer No. 2, personally and in his official capacity as a member
     of the Wheeling Police Department,

     Defendants.

## ANSWER OF THE CITY OF WHEELING, ROBERT G. MATHENY, MATTHEW KOTSON, RUSTY JEWELL AND UNKNOWN OFFICER NO. 2 TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Now comes the Defendants, The City of Wheeling, Robert G. Matheny, Matthew Kotson,

Rusty Jewell, and Unknown Officer No. 2, by counsel, and for their answer to Plaintiffs' First

Amended Complaint, state as follows:

### FIRST DEFENSE

Plaintiffs' First Amended Complaint fails to state a cause of action upon which relief can be
granted.

### SECOND DEFENSE

In specific response to the allegations set forth in the Plaintiffs' First Amended Complaint,

these Defendants state the following:

1.      Answering paragraph 1 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

2.      Answering paragraph 2 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

3.      Answering paragraph 3 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

4.      Answering paragraph 4 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

5.      Answering paragraph 5 of the Plaintiffs' First Amended Complaint, these Defendants, upon information or knowledge and belief, admit that on December 4, 2010, Keith Owen Campbell held a valid license to carry concealed pistols and revolvers.

6.      Answering paragraph 6 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

7.      Answering paragraph 7 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

8.      Answering paragraph 8 of Plaintiffs' First Amended Complaint, these Defendants are

2

without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

9.      Answering paragraph 9 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

10.     Answering paragraph 10 of Plaintiffs' First Amended Complaint, these Defendants admit the allegations contained therein.

11.     Answering paragraph 11 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

12.     Answering paragraph 12 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

13.     Answering paragraph 13 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

14.     Answering paragraph 14 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

15.     Answering paragraph 15 of Plaintiffs' First Amended Complaint, these Defendants state said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial.  Nevertheless, to the extent said paragraph

3

may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

16.     Answering paragraph 16 of the Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

17.     Answering paragraph 17 of the Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

18.     Answering paragraph 18 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

19.     Answering paragraph 19 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

20.     Answering paragraph 20 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

21.     Answering paragraph 21 of Plaintiffs' First Amended Complaint, these Defendants state said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial.  Nevertheless, to the extent said paragraph

4

may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

22.   Answering paragraph 22 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

23.   Answering paragraph 23 of Plaintiffs' First Amended Complaint, these Defendants admit that Robert G. Matheny is the Chief of Police of the City of Wheeling but state that the remaining allegations of said paragraph contain conclusions of law and, therefore, do not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

24.   Answering paragraph 24 of Plaintiffs' First Amended Complaint, these Defendants admit that Matthew Kotson is a member of the City of Wheeling Police Department but state that the remaining allegations  of said paragraph contain conclusions of law and, therefore, do not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied. these Defendants admits the allegations contained therein.

25.   Answering paragraph 25 of Plaintiffs' First Amended Complaint, these Defendants admit that Rusty Jewell is a member of the City of Wheeling Police Department but state that the remaining allegations of said paragraph contain conclusions of law and, therefore, do not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or

against these Defendants, the same expressly is denied. these Defendants admits the allegations contained therein.

26.     Answering paragraph 26 of Plaintiffs' First Amended Complaint, these Defendants admit that Unknown Officer No. 2 is a member of the City of Wheeling Police Department but state that the remaining allegations of said paragraph contain conclusions of law and, therefore, do not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied..

## JURISDICTION AND VENUE

27.     Answering paragraph 27 of Plaintiffs' First Amended Complaint, these Defendants state said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

28.     Answering paragraph 28 of Plaintiffs' First Amended Complaint, these Defendants state said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

## STATEMENT OF FACTS

29.     Answering paragraph 29 of Plaintiffs' First Amended Complaint, these Defendants admit that Keith Owen Campbell was present on December 4, 2010, at the KFC restaurant located

at 120 Zane Street in the City of Wheeling.  These Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations relating to Larry Campbell, and, therefore, deny the same and demand strict proof thereof.

30.     Answering paragraph 30 of Plaintiffs' First Amended Complaint, these Defendants admit that Keith Owen Campbell was openly carrying a Taurus .45 caliber pistol.

31.     Answering paragraph 31 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

32.     Answering paragraph 32 of the Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

33.     Answering paragraph 33 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

34.     Answering paragraph 34 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

35.     Answering paragraph 35 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

36.     Answering paragraph 36 of Plaintiffs' First Amended Complaint, these Defendants

7

admit that Officer Kotson was wearing a Wheeling City Police uniform. .

37.     Answering paragraph 37 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

38.     Answering paragraph 38 of Plaintiffs' First Amended Complaint, these Defendants deny that Keith Owen Campbell was accosted by any of these Defendants.  In response to the remainder of the allegations contained therein, and based upon their knowledge at the present time, these Defendants  admit that Keith Owen Campbell did not violate any law and did not engage in any disorderly conduct.  To the extent that the remainder of the allegations contained therein  may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

39.     Answering paragraph 39 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

40.     Answering paragraph 40 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

41.     Answering paragraph 41 of Plaintiffs' First Amended Complaint, these Defendants admit that Keith Owen Campbell made a statement substantially similar to that described in said paragraph in the course of conversation with Officer Kotson.

42.     Answering paragraph 42 of Plaintiffs' First Amended Complaint, these Defendants admit that Keith Owen Campbell informed Officer Kotson of a purportedly similar incident involving Keith Owen Campbell and an Ohio County deputy sheriff.

43.     Answering paragraph 43 of Plaintiffs' First Amended Complaint, these Defendants

8

admit that Officer Kotson requested that Keith Owen Campbell produce identification.

44.     Answering paragraph 44 of Plaintiffs' First Amended Complaint, these Defendants admit that Keith Owen Campbell made statements substantially similar to that described in said paragraph in the course of conversation with Officer Kotson, and that he provided Officer Kotson with some form of identification.

45.     Answering paragraph 45 of Plaintiffs' First Amended Complaint, these Defendants admit that Officer Kotson and Keith Owen Campbell had a conversation substantially similar to that described in said paragraph.

46.     Answering paragraph 46 of Plaintiffs' First Amended Complaint, these Defendants admit that Officer Kotson and Keith Owen Campbell had a conversation substantially similar to that described in said paragraph.

47.     Answering paragraph 47 of Plaintiffs' First Amended Complaint, these Defendants admit that Officer Kotson and Keith Owen Campbell had a conversation substantially similar to that described in said paragraph.

48.     Answering paragraph 48 of Plaintiffs' First Amended Complaint, these Defendants admit that Officer Kotson and Keith Owen Campbell had a conversation substantially similar to that described in said paragraph.

49.     Answering paragraph 49 of Plaintiffs' First Amended Complaint, these Defendants admit that Officer Kotson and Keith Owen Campbell had a conversation substantially similar to that described in said paragraph.

50.     Answering paragraph 50 of Plaintiffs' First Amended Complaint, upon information and belief, these Defendants admit that Officer Kotson and Keith Owen Campbell had a conversation

substantially similar to that described in said paragraph.

51.     Answering paragraph 51 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

52.     Answering paragraph 52 of the Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

53.     Answering paragraph 53 of the Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

54.     Answering paragraph 54 of the Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof..

55.     Answering paragraph 55 of the Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

56.     Answering paragraph 56 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

57.     Answering paragraph 57 of Plaintiffs' First Amended Complaint, these Defendants deny that the licenses were seized.  To the extent that said paragraph is intended to state conclusions of law, it does not necessitate a response herein by these Defendants by way of admission or denial, but to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.  These Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations relating to Keith Owen Campbell's state of mind, and, therefore, deny the same and demand strict proof thereof.

58.     Answering paragraph 58 of the Plaintiffs' First Amended Complaint, these Defendants admit that Officer Kotson contacted dispatch regarding Keith Owen Campbell, but deny the remaining allegations contained therein, and demand strict proof thereof.

59.     Answering paragraph 59 of the Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

60.     Answering paragraph 60 of the Plaintiffs' First Amended Complaint,  these Defendants are without sufficient information or knowledge upon which to form belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

61.     Answering paragraph 61 of the Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

62.     Answering paragraph 62 of the Plaintiffs' First Amended Complaint, these Defendants admit that Keith Owen Campbell made a statement substantially similar to that described in said paragraph in the course of conversation with Officer Kotson.

11

63.     Answering paragraph 63 of the Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

64.     Answering paragraph 64 of the Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

65.     Answering paragraph 65 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

66.     Answering paragraph 66 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

67.     Answering paragraph 67 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

68.     Answering paragraph 68 of Plaintiffs' First Amended Complaint, these Defendants admit that the identification that Keith Owen Campbell provided to Office Kotson was returned to him.

69.     Answering paragraph 69 of Plaintiffs' First Amended Complaint, these Defendants admit that Officer Kotson and Keith Owen Campbell had a conversation substantially similar to that described in said paragraph.

70.     Answering paragraph 70 of Plaintiffs' First Amended Complaint, these Defendants admit that Officer Kotson advised Keith Owen Campbell that he was free to leave.  These Defendants deny the remaining allegations contained therein and demand strict proof thereof.

71.     Answering paragraph 71 of Plaintiffs' First Amended Complaint, these Defendants admit that Officer Kotson identified himself to Keith Owen Campbell.

72.     Answering paragraph 72 of Plaintiffs' First Amended Complaint, these Defendants admit that two additional uniformed City of Wheeling police officers responded to the scene.

73.     Answering paragraph 73 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

74.     Answering paragraph 74 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

75.     Answering paragraph 75 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

76.     Answering paragraph 76 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

77.     Answering paragraph 77 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

78.     Answering paragraph 78 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

79.     Answering paragraph 79 of Plaintiffs' First Amended Complaint, these Defendants admit that the two additional uniformed police officers departed.

80.     Answering paragraph 80 of Plaintiffs' First Amended Complaint, these Defendants admit the allegations contained therein.

81.     Answering paragraph 81 of Plaintiffs' First Amended Complaint, these Defendants admit the allegations contained therein.

82.     Answering paragraph 82 of the Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

83.     Answering paragraph 83 of Plaintiffs' First Amended Complaint, these Defendants admit that Sgt. Jewell was wearing a Wheeling Police uniform.

84.     Answering paragraph 84 of Plaintiffs' First Amended Complaint, these Defendants state that Sgt. Jewell requested that Keith Owen Campbell produce his license to carry a concealed handgun and that Keith Owen Campbell provided the license.  These Defendants are without sufficient information or knowledge upon which to form belief as to the truth of the remainder of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

85.     Answering paragraph 85 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

86.     Answering paragraph 86 of Plaintiffs' First Amended Complaint, these Defendants state that Sgt. Jewell requested that Keith Owen Campbell produce his license to carry a concealed handgun and that Keith Owen Campbell provided the license.  These Defendants are without sufficient information or knowledge upon which to form belief as to the truth of the remainder of the allegations contained therein, and, therefor, deny the same and demand strict proof thereof.

87.     Answering paragraph 87 of the Plaintiffs' First Amended Complaint, these Defendants state that Sgt. Jewell requested that Keith Owen Campbell produce his license to carry a concealed handgun and that Keith Owen Campbell provided the license.  These Defendants are without sufficient information or knowledge upon which to form belief as to the truth of the remainder of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

14

88.     Answering paragraph 88 of the Plaintiffs' First Amended Complaint, these Defendants state that Sgt. Jewell requested that Keith Owen Campbell produce his license to carry a concealed handgun and that Keith Owen Campbell provided the license. These Defendants are without sufficient information or knowledge upon which to form belief as to the truth of the remainder of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

89.     Answering paragraph 89 of the Plaintiffs' First Amended Complaint, these Defendants admit that Sgt. Jewell made a request substantially similar to that described in said paragraph.

90.     Answering paragraph 90 of Plaintiffs' First Amended Complaint, these Defendants state that Keith Owen Campbell advised that he would not touch his handgun in their presence but that he would not physically resist. To the extent that the remainder of the allegations contained therein may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

91.     Answering paragraph 91 of Plaintiffs' First Amended Complaint, these Defendants state that Sgt. Jewell removed Keith Owen Campbell's pistol from its holster in accordance with Keith Owen Campbell's directions on how to do so. To the extent that said paragraph is intended to state conclusions of law, it does not necessitate a response herein by these Defendants by way of admission or denial, but to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

92.     Answering paragraph 92 of Plaintiffs' First Amended Complaint, these Defendants state that Sgt. Jewell removed Keith Owen Campbell's pistol from its holster in accordance with

15

Keith Owen Campbell's directions on how to do so.  To the extent that said paragraph is intended to state conclusions of law, it does not necessitate a response herein by these Defendants by way of admission or denial, but to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

93.     Answering paragraph 93 of Plaintiffs' First Amended Complaint, these Defendants state that Sgt. Jewell removed Keith Owen Campbell's pistol from its holster in accordance with Keith Owen Campbell's directions on how to do so.  To the extent that said paragraph is intended to state conclusions of law, it does not necessitate a response herein by these Defendants by way of admission or denial, but to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

94.     Answering paragraph 94 of Plaintiffs' First Amended Complaint, these Defendants state that Sgt. Jewell removed Keith Owen Campbell's pistol from its holster in accordance with Keith Owen Campbell's directions on how to do so.  To the extent that said paragraph is intended to state conclusions of law, it does not necessitate a response herein by these Defendants by way of admission or denial, but to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

95.     Answering paragraph 95 of Plaintiffs' First Amended Complaint, these Defendants state that Sgt. Jewell removed Keith Owen Campbell's pistol from its holster in accordance with Keith Owen Campbell's directions on how to do so.

96.     Answering paragraph 96 of the Plaintiffs' First Amended Complaint, these Defendants admit that Sgt. Jewell and Keith Owen Campbell had a conversation substantially similar to that described in said paragraph.

16

97.    Answering paragraph 97 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

98.    Answering paragraph 98 of Plaintiffs' First Amended Complaint, these Defendants admit that Sgt. Jewell attempted to make the pistol safe by ejecting the magazine and clearing the chambered round of ammunition.

99.    Answering paragraph 99 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.  To the extent that said paragraph is intended to state conclusions of law, it does not necessitate a response herein by these Defendants by way of admission or denial, but to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

100.    Answering paragraph 100 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.  To the extent that said paragraph is intended to state conclusions of law, it does not necessitate a response herein by these Defendants by way of admission or denial, but to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

101.    Answering paragraph 101 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.  To the

17

extent that said paragraph is intended to state conclusions of law, it does not necessitate a response herein by these Defendants by way of admission or denial, but to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

102.    Answering paragraph 102 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in the first sentence of said paragraph.  These Defendants deny the remaining allegations contained therein, and, demand strict proof thereof.

103.    Answering paragraph 103 of Plaintiffs' First Amended Complaint, these Defendants state that said paragraph contains no factual allegations but rather expresses an opinion and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied..

104.    Answering paragraph 104 of Plaintiffs' First Amended Complaint, these Defendants state that said paragraph contains no factual allegations but rather expresses an opinion and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied..

105.    Answering paragraph 105 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

106.    Answering paragraph 106 of Plaintiffs' First Amended Complaint, these Defendants

state that Sgt. Jewell removed the chambered round from the pistol.

107.    Answering paragraph 107 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

108.    Answering paragraph 108 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

109.    Answering paragraph 109 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

110.    Answering paragraph 110 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

111.    Answering paragraph 111 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

112.    Answering paragraph 112 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

113.    Answering paragraph 113 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

114.    Answering paragraph 114 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

115.    Answering paragraph 115 of Plaintiffs' First Amended Complaint, these Defendants

are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

116.    Answering paragraph 116 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

117.    Answering paragraph 117 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

118.    Answering paragraph 118 of the Plaintiffs' First Amended Complaint, these Defendants admit that Sgt. Jewell requested a report on the handgun but these Defendants deny the remainder of the allegations contained therein and demand strict proof thereof.

119.    Answering paragraph 119 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

120.    Answering paragraph 120 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

121.    Answering paragraph 121 of Plaintiffs' First Amended Complaint, these Defendants admit that Sgt. Jewell stated that openly carrying a handgun in West Virginia is legal but that he and other police officers have a duty to make sure that the person carrying the gun and the gun itself are legal.  These Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the remainder of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

122.    Answering paragraph 122 of Plaintiffs' First Amended Complaint, these Defendants

20

deny the allegations contained therein and demand strict proof thereof.

123.    Answering paragraph 123 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

124.    Answering paragraph 124 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

125.    Answering paragraph 125 of Plaintiffs' First Amended Complaint, these Defendants admit that Sgt. Jewell and Keith Owen Campbell had a conversation substantially similar to that described in said paragraph.

126.    Answering paragraph 126 of the Plaintiffs' First Amended Complaint, these Defendants admit that Sgt. Jewell and Keith Owen Campbell had a conversation substantially similar to that described in said paragraph.

127.    Answering paragraph 127 of Plaintiffs' First Amended Complaint, these Defendants state that Sgt. Jewell attempted to return Keith Owen Campbell's handgun to him.

128.    Answering paragraph 128 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

129.    Answering paragraph 129 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

130.    Answering paragraph 130 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

131.    Answering paragraph 131 of Plaintiffs' First Amended Complaint, these Defendants

deny the allegations contained therein and demand strict proof thereof.

132.    Answering paragraph 132 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

133.    Answering paragraph 133 of Plaintiffs' First Amended Complaint, these Defendants state that Sgt. Jewell inserted the magazine in the pistol and put a round in the firing chamber.

134.    Answering paragraph 134 of Plaintiffs' First Amended Complaint, these Defendants state that Sgt. Jewell inserted the magazine in the pistol and put a round in the firing chamber.

135.    Answering paragraph 135 of Plaintiffs' First Amended Complaint, these Defendants state that Sgt. Jewell returned Keith Owen Campbell's pistol to its holster.

136.    Answering paragraph 136 of Plaintiffs' First Amended Complaint, these Defendants state that Sgt. Jewell returned Keith Owen Campbell's pistol to its holster, but deny the remainder of the  allegations contained therein and demand strict proof thereof.

137.    Answering paragraph 137 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

138.    Answering paragraph 138 of Plaintiffs' First Amended Complaint, these Defendants admit that Keith Owen Campbell made a statement substantially similar to that described in said paragraph in the course of conversation with Sgt. Jewell.

139.    Answering paragraph 139 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

140.    Answering paragraph 140 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

141.    Answering paragraph 141 of Plaintiffs' First Amended Complaint, these Defendants

22

are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

142.    Answering paragraph 142 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

143.    Answering paragraph 143 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

144.    Answering paragraph 144 of Plaintiffs' First Amended Complaint, upon information and belief, these Defendants admit the allegations contained therein.

145.    Answering paragraph 145 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

146.    Answering paragraph 146 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

147.    Answering paragraph 147 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof..

148.    Answering paragraph 148 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations relating to Keith Owen Campbell's state of mind, and, therefore, deny the same and demand strict proof thereof.   To the extent the remainder of said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied..

149.    Answering paragraph 149 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the

23

allegations relating to Keith Owen Campbell's state of mind, and, therefore, deny the same and demand strict proof thereof.

150.    Answering paragraph 150 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

151.    Answering paragraph 151 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 1: DEPRIVATION OF KEITH OWEN CAMPBELL'S RIGHT TO KEEP AND BEAR ARMS BY ALL DEFENDANTS IN VIOLATION OF THE SECOND AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

152.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

153.    Answering paragraph 153 of Plaintiffs' First Amended Complaint, these Defendants states said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

154.    Answering paragraph 154 of Plaintiffs' First Amended Complaint, these Defendants states said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

155.    Answering paragraph 155 of Plaintiffs' First Amended Complaint, these Defendants

states said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

156.     Answering paragraph 156 of Plaintiffs' First Amended Complaint, these Defendants states said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

157.     Answering paragraph 157 of Plaintiffs' First Amended Complaint, these Defendants states said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

158.     Answering paragraph 158 of Plaintiffs' First Amended Complaint, these Defendants states said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

159.     Answering paragraph 159 of Plaintiffs' First Amended Complaint, these Defendants states said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph

may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

160.    Answering paragraph 160 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

161.    Answering paragraph 161 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

162.    Answering paragraph 162 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

163.    Answering paragraph 163 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

164.    Answering paragraph 164 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 2: ONGOING DEPRIVATION OF ALL PLAINTIFFS' RIGHT TO KEEP AND BEAR ARMS BY ALL DEFENDANTS IN VIOLATION OF THE SECOND AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

165.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

166.    Answering paragraph 166 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 3: DEPRIVATION OF KEITH OWEN CAMPBELL'S RIGHT TO KEEP AND BEAR ARMS BY DEFENDANTS IN VIOLATION OF THE ARTICLE III, § 22 OF THE WEST VIRGINIA CONSTITUTION

167.    These Defendants incorporate by reference all prior responses to all prior paragraphs

26

of Plaintiffs' First Amended Complaint as if fully restated herein.

168.    Answering paragraph 168 of Plaintiffs' First Amended Complaint, these Defendants states said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

169.    Answering paragraph 169 of Plaintiffs' First Amended Complaint, these Defendants states said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

170.    Answering paragraph 170 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 4: ONGOING DEPRIVATION OF ALL PLAINTIFFS' RIGHT TO KEEP AND BEAR ARMS BY ALL DEFENDANTS IN VIOLATION OF ARTICLE III, § 22 OF THE WEST VIRGINIA CONSTITUTION

171.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

172.    Answering paragraph 172 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 5: DEPRIVATION OF KEITH OWEN CAMPBELL'S
## FREEDOM OF SPEECH BY ALL DEFENDANTS IN VIOLATION OF THE FIRST
## AND FOURTEENTH AMENDMENTS TO
## THE UNITED STATES CONSTITUTION

173.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

174.    Answering paragraph 174 of Plaintiffs' First Amended Complaint, these Defendants state said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

175.    Answering paragraph 175 of Plaintiffs' First Amended Complaint, these Defendants state said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

176.    Answering paragraph 176 of Plaintiffs' First Amended Complaint, these Defendants state said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

177.    Answering paragraph 177 of Plaintiffs' First Amended Complaint, these Defendants state said paragraph contains conclusions of law and, therefore, does not necessitate a response

herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

178.   Answering paragraph 178 of Plaintiffs' First Amended Complaint, these Defendants state said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

179.   Answering paragraph 179 of Plaintiffs' First Amended Complaint, these Defendants state said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

180.   Answering paragraph 180 of Plaintiffs' First Amended Complaint, these Defendants state said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

181.   Answering paragraph 181 of Plaintiffs' First Amended Complaint, these Defendants state said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these

Defendants, the same expressly is denied.

182.    Answering paragraph 182 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

183.    Answering paragraph 183 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

184.    Answering paragraph 184 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

185.    Answering paragraph 185 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

186.    Answering paragraph 186 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

187.    Answering paragraph 187 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

**COUNT 6: ONGOING DEPRIVATION OF ALL PLAINTIFFS'
FREEDOM OF SPEECH BY ALL DEFENDANTS IN VIOLATION
OF THE FIRST AND FOURTEENTH AMENDMENTS TO
THE UNITED STATES CONSTITUTION**

188.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

189.    Answering paragraph 189 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 7: DEPRIVATION OF KEITH OWEN CAMPBELL'S
## FREEDOM OF SPEECH BY ALL DEFENDANTS IN VIOLATION OF
## ARTICLE III, § 7 OF THE WEST VIRGINIA CONSTITUTION

190.     These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

191.     Answering paragraph 191 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 8: ONGOING DEPRIVATION OF ALL PLAINTIFFS'
## FREEDOM OF SPEECH BY ALL DEFENDANTS IN VIOLATION OF
## ARTICLE III, § 7 OF THE WEST VIRGINIA CONSTITUTION

192.     These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

193.     Answering paragraph 193 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 9: VIOLATION OF PLAINTIFFS' RIGHT TO EQUAL PROTECTION
## BY ALL DEFENDANTS UNDER THE FOURTEENTH AMENDMENT TO
## THE UNITED STATES CONSTITUTION

194.     These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

195.     Answering paragraph 195 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

196.     Answering paragraph 196 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 10: UNLAWFUL SEIZURE (1) OF KEITH OWEN CAMPBELL BY OFFICER KOTSON, CITY OF WHEELING AND CHIEF METHENY [sic] IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS <u>TO THE UNITED STATES CONSTITUTION</u>

197.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

198.    Answering paragraph 198 of Plaintiffs' First Amended Complaint, these Defendants states said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

199.    Answering paragraph 199 of Plaintiffs' First Amended Complaint, these Defendants states said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

200.    Answering paragraph 200 of Plaintiffs' First Amended Complaint, these Defendants states said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

201.    Answering paragraph 201 of Plaintiffs' First Amended Complaint, these Defendants states said paragraph contains conclusions of law and, therefore, does not necessitate a response

herein by these Defendants by way of admission or denial.  Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

202.    Answering paragraph 202 of Plaintiffs' First Amended Complaint, these Defendants states said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial.  Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

203.    Answering paragraph 203 of Plaintiffs' First Amended Complaint, these Defendants states said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial.  Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

204.    Answering paragraph 204 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

205.    Answering paragraph 205 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 11: FALSE IMPRISONMENT (1) OF KEITH OWEN CAMPBELL BY OFFICER KOTSON, CITY OF WHEELING AND CHIEF METHENY [sic]

206.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

207.    Answering paragraph 207 of Plaintiffs' First Amended Complaint, these Defendants

deny the allegations contained therein and demand strict proof thereof.

208.     Answering paragraph 208 of Plaintiffs' First Amended Complaint, these Defendants
deny the allegations contained therein and demand strict proof thereof.

## COUNT 12: ASSAULT (1) OF KEITH OWEN CAMPBELL BY OFFICER KOTSON, CITY OF WHEELING AND CHIEF METHENY [sic]

209.     These Defendants incorporate by reference all prior responses to all prior paragraphs
of Plaintiffs' First Amended Complaint as if fully restated herein.

210.     Answering paragraph 210 of Plaintiffs' First Amended Complaint, these Defendants
deny the allegations contained therein and demand strict proof thereof.

211.     Answering paragraph 211 of Plaintiffs' First Amended Complaint, these Defendants
deny the allegations contained therein and demand strict proof thereof.

## COUNT 13: UNLAWFUL SEIZURE OF KEITH OWEN CAMPBELL'S DRIVER'S LICENSE AND LICENSE TO CARRY CONCEALED PISTOLS AND REVOLVERS BY OFFICER KOTSON, CITY OF WHEELING AND CHIEF METHENY [sic] IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

212.     These Defendants incorporate by reference all prior responses to all prior paragraphs
of Plaintiffs' First Amended Complaint as if fully restated herein.

213.     Answering paragraph 213 of Plaintiffs' First Amended Complaint, these Defendants
deny the allegations contained therein and demand strict proof thereof.

214.     Answering paragraph 214 of Plaintiffs' First Amended Complaint, these Defendants
deny the allegations contained therein and demand strict proof thereof.

## COUNT 14: FALSE IMPRISONMENT (2) OF KEITH OWEN CAMPBELL BY OFFICER KOTSON, CITY OF WHEELING AND CHIEF METHENY [sic]

215.     These Defendants incorporate by reference all prior responses to all prior paragraphs

of Plaintiffs' First Amended Complaint as if fully restated herein.

216.    Answering paragraph 216 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

217.    Answering paragraph 217 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

### COUNT 15: UNLAWFUL SEIZURE (2) OF KEITH OWEN CAMPBELL BY OFFICER KOTSON, CITY OF WHEELING AND CHIEF METHENY [sic] IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

218.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

219.    Answering paragraph 219 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

220.    Answering paragraph 220 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

### COUNT 16: FALSE IMPRISONMENT (3) OF KEITH OWEN CAMPBELL BY OFFICER KOTSON, CITY OF WHEELING AND CHIEF METHENY

221.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

222.    Answering paragraph 222 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

223.    Answering paragraph 223 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 17: ASSAULT (2) OF KEITH OWEN CAMPBELL BY OFFICER KOTSON, CITY OF WHEELING AND CHIEF METHENY [sic]

224.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

225.    Answering paragraph 225 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

226.    Answering paragraph 226 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 18: ACTUAL THREAT OF EXCESSIVE FORCE BY UNKNOWN OFFICER NO. 2, CITY OF WHEELING AND CHIEF METHENY [sic] IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

227.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

228.    Answering paragraph 228 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

229.    Answering paragraph 229 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 19: FALSE IMPRISONMENT (3) OF KEITH OWEN CAMPBELL BY UNKNOWN OFFICER NO. 2, CITY OF WHEELING AND CHIEF METHENY [sic]

230.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

231.    Answering paragraph 231 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

232.    Answering paragraph 232 of Plaintiffs' First Amended Complaint, these Defendants

deny the allegations contained therein and demand strict proof thereof.

## COUNT 20: ASSAULT (3) OF KEITH OWEN CAMPBELL BY UNKNOWN OFFICER NO. 2, CITY OF WHEELING AND CHIEF METHENY [sic]

233.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

234.    Answering paragraph 234 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

235.    Answering paragraph 235 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 21: UNLAWFUL SEIZURE (2) OF KEITH OWEN CAMPBELL'S DRIVER'S LICENSE AND LICENSE TO CARRY CONCEALED PISTOLS AND REVOLVERS BY SGT. JEWELL, OFFICER KOTSON, CITY OF WHEELING AND CHIEF METHENY [sic] IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

236.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

237.    Answering paragraph 237 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

238.    Answering paragraph 238 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 22: FALSE IMPRISONMENT (4) OF KEITH OWEN CAMPBELL BY SGT. JEWELL, OFFICER KOTSON, CITY OF WHEELING AND CHIEF METHENY [sic]

239.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

240.    Answering paragraph 240 of Plaintiffs' First Amended Complaint, these Defendants

deny the allegations contained therein and demand strict proof thereof.

241.    Answering paragraph 241 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 23: SEARCH AND SEIZURE (1) OF KEITH OWEN CAMPBELL'S HANDGUN BY SGT. JEWELL, CITY OF WHEELING AND CHIEF METHENY [sic] IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

242.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

243.    Answering paragraph 243 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

244.    Answering paragraph 243 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 24: BATTERY (1) OF KEITH OWEN CAMPBELL BY SGT. JEWELL, CITY OF WHEELING AND CHIEF METHENY [sic]

245.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

246.    Answering paragraph 246 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

247.    Answering paragraph 247 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 25: BATTERY (2) OF KEITH OWEN CAMPBELL BY SGT. JEWELL, CITY OF WHEELING AND CHIEF METHENY [sic]

248.    These Defendants incorporate by reference all prior responses to all prior paragraphs

of Plaintiffs' First Amended Complaint as if fully restated herein.

249.    Answering paragraph 249 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

250.    Answering paragraph 250 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 26: BATTERY (3) OF KEITH OWEN CAMPBELL BY SGT. JEWELL, CITY OF WHEELING AND CHIEF METHENY [sic]

251.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

252.    Answering paragraph 252 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

253.    Answering paragraph 253 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 27: SEARCH AND SEIZURE (2) OF KEITH OWEN CAMPBELL'S HANDGUN BY SGT. JEWELL, CITY OF WHEELING AND CHIEF METHENY [sic] IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

254.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

255.    Answering paragraph 255 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

256.    Answering paragraph 256 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

**COUNT 28: SEARCH AND SEIZURE (3) OF KEITH OWEN CAMPBELL'S HANDGUN BY SGT. JEWELL, CITY OF WHEELING AND CHIEF METHENY [sic] IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

257.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

258.    Answering paragraph 258 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

259.    Answering paragraph 259 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

**COUNT 29: ASSAULT OF LARRY CAMPBELL BY SGT. JEWELL, CITY OF WHEELING AND CHIEF METHENY [sic]**

260.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

261.    Answering paragraph 261 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

**COUNT 30: WANTON ENDANGERMENT OF LARRY CAMPBELL BY SGT. JEWELL, CITY OF WHEELING AND CHIEF METHENY [sic]**

262.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

263.    Answering paragraph 263 of Plaintiffs' First Amended Complaint, these Defendants states said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these

Defendants, the same expressly is denied.

264.    Answering paragraph 264 of Plaintiffs' First Amended Complaint, these Defendants states said paragraph contains conclusions of law and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied.

265.    Answering paragraph 265 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 31: INTENTIONAL OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS UPON LARRY CAMPBELL BY ALL DEFENDANTS

266.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

267.    Answering paragraph 267 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

268.    Answering paragraph 268 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

269.    Answering paragraph 269 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

270.    Answering paragraph 270 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 32: WANTON ENDANGERMENT (1) OF KEITH OWEN CAMPBELL BY SGT. JEWELL, CITY OF WHEELING AND CHIEF METHENY [sic]

271.    These Defendants incorporate by reference all prior responses to all prior paragraphs

of Plaintiffs' First Amended Complaint as if fully restated herein.

272.     Answering paragraph 272 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 33: ASSAULT (3) OF KEITH OWEN CAMPBELL
## BY SGT. JEWELL, CITY OF WHEELING AND CHIEF METHENY [sic]

273.     These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

274.     Answering paragraph 274 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 34: WANTON ENDANGERMENT (2) OF KEITH OWEN CAMPBELL
## BY SGT. JEWELL, CITY OF WHEELING AND CHIEF METHENY [sic]

275.     These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

276.     Answering paragraph 276 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 35: RECKLESS INFLICTION OF EMOTIONAL DISTRESS UPON
## KEITH OWEN CAMPBELL BY ALL DEFENDANTS

277.     These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

278.     Answering paragraph 278 of Plaintiffs' First Amended Complaint, these Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

279.     Answering paragraph 279 of Plaintiffs' First Amended Complaint, these Defendants

are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and, therefore, deny the same and demand strict proof thereof.

280. Answering paragraph 280 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

281. Answering paragraph 281 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

282. Answering paragraph 282 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

283. Answering paragraph 283 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 36: ACTUAL AND ONGOING THREAT OF FUTURE UNLAWFUL DETENTIONS IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION (1)

284. These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

285. Answering paragraph 285 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 37: ACTUAL AND ONGOING THREAT OF FUTURE UNLAWFUL DETENTIONS IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION (2)

286. These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

287. Answering paragraph 287 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained  therein and demand strict proof thereof.

## COUNT 38: DESTRUCTION OF PROPERTY BY SGT. JEWELL, OFFICER KOTSON, CITY OF WHEELING AND CHIEF METHENY [sic]

288.     These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

289.     Answering paragraph 289 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 39: VIOLATION OF CIVIL RIGHTS OF KEITH OWEN CAMPBELL AND WVCDL MEMBERS BY CITY OF WHEELING AND CHIEF MATHENY RESULTING FROM INADEQUATE TRAINING AND SUPERVISION OF POLICE OFFICERS

290.     These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

291.     Answering paragraph 291 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

292.     Answering paragraph 292 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

293.     Answering paragraph 293 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 40: VIOLATION OF LARRY CAMPBELL'S CIVIL RIGHTS BY CITY OF WHEELING AND CHIEF MATHENY RESULTING FROM INADEQUATE TRAINING AND SUPERVISION OF POLICE OFFICERS

294.     These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

295.     Answering paragraph 295 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

296.    Answering paragraph 296 of Plaintiffs' First Amended Complaint, these Defendants state that said paragraph contains no factual allegations but rather expresses an opinion and, therefore, does not necessitate a response herein by these Defendants by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against these Defendants, the same expressly is denied..

297.    Answering paragraph 297 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

## COUNT 41: NEGLIGENT TRAINING AND SUPERVISION AS A MATTER OF STATE LAW BY CITY OF WHEELING AND CHIEF MATHENY

298.    These Defendants incorporate by reference all prior responses to all prior paragraphs of Plaintiffs' First Amended Complaint as if fully restated herein.

299.    Answering paragraph 299 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

300.    Answering paragraph 300 of Plaintiffs' First Amended Complaint, these Defendants deny the allegations contained therein and demand strict proof thereof.

301.    Answering Plaintiffs' Prayer for Relief, including subparagraphs 1, 2, 3, 4, 5, 6, and 7, these Defendants deny that the Plaintiffs are entitled to any such relief for any reason.

302.    These Defendants deny every allegation not specifically admitted herein.

## THIRD DEFENSE

These Defendants reserve the right to file such cross-claims, counterclaims and third-party Complaints and other pleadings as may be revealed to be appropriate through discovery or otherwise.

45

## FOURTH DEFENSE

The Defendants were privileged and within the scope of their lawful authority in all actions undertaken.

## FIFTH DEFENSE

The conduct of Keith Owen Campbell and Larry Campbell was the competent producing cause of their injuries, which injuries are expressly denied.

## SIXTH DEFENSE

These Defendants assert as an affirmative defense any and all immunities which may be applicable as may be revealed to be appropriate through discovery or otherwise.

## SEVENTH DEFENSE

These Defendants are entitled to immunity from suit because these Defendants did not cause the deprivation of any clearly established constitutional right or privilege of the Plaintiffs.

## EIGHTH DEFENSE

These Defendants acted reasonably and in good faith under the circumstances and are therefore immune from suit.

## NINTH DEFENSE

No constitution deprivations occurred as a result of a custom or policy of the City of Wheeling and therefore the City of Wheeling is immune from suit.

## TENTH DEFENSE

Plaintiffs' claims are barred as the City of Wheeling is a political subdivision of the State, and these Defendants are immune from suits for damages as claimed by the Plaintiffs and are immune from liability as specified in the Governmental Tort Claims and Insurance Reform Act, W.

Va. Code § 29-12A-1, et seq.

### ELEVENTH DEFENSE

These Defendants assert that to the extent that any of the following affirmative defenses are applicable, based upon the evidence adduced in this matter, the following affirmative defenses are hereby invoked: sole negligence; contributory negligence; comparative negligence; assumption of the risk; waiver; estoppel; fraud; illegality; sufficiency of service of process; intervening and/or superseding cause; and any other matter constituting an avoidance or affirmative defense.

### TWELFTH DEFENSE

Plaintiffs' claims for punitive damages violate the laws of the United States of America and of the State of West Virginia.

### THIRTEENTH DEFENSE

In response to Plaintiffs' claim for punitive or exemplary damages, these Defendants invoke their rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Article III § 5 of the West Virginia Constitution to the extent any award of punitive or exemplary damages violates any of the conditions or protections afforded to them by the federal or state constitutions.

### FOURTEENTH DEFENSE

These Defendants assert that the assessment and award of punitive or exemplary damages violates the Fifth Amendment and Eighth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment of the United States Constitution and West Virginia Constitution because the award potentially constitutes an excessive fine and deprivation of property without the protection of fundamental due process.

## FIFTEENTH DEFENSE

These Defendants plead all immunities and defenses available to them under the Governmental Tort Claims and Insurance Reform Act, West Virginia Code § 29-12A-1 *et seq*.

## SIXTEENTH DEFENSE

These Defendants plead all immunities available to them under state and federal constitutions and statutory law.

## SEVENTEENTH DEFENSE

These Defendants say that if the Plaintiffs sustained the damages about which they complain, all of which are specifically denied, said damages were proximately caused or substantially contributed to by reason of negligence by the Plaintiffs or other persons, not by reason of negligence on the part of these Defendants.

## EIGHTEENTH DEFENSE

These Defendants reserve the right to assert any other defense that may become apparent after further investigation or discovery.

WHEREFORE, these Defendants, respectfully request that they be dismissed from this action and that they be awarded their costs, including any attorney's fees expended herein.

THESE DEFENDANTS DEMAND A TRIAL BY JURY.

CITY OF WHEELING,
ROBERT G. MATHENY,
MATTHEW KOTSON,
RUSTY JEWELL, AND
 UNKNOWN OFFICER NO. 2,
By Counsel.

  /s/Heather M. Noel
Heather M. Noel (W.Va. Bar No. 7814)
John L. MacCorkle (W.Va. Bar No. 2286)
MacCorkle, Lavender & Sweeney, PLLC
2004 White Willow Way
Morgantown, WV 26505
telephone: (304) 599-5600
facsimile: (304) 599-8141
email address: hnoel@mlclaw.com
jmaccorkle@mlclaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

Keith Owen Campbell;
Larry A. Campbell; and
West Virginia Citizens Defense League, Inc.,
a West Virginia nonprofit corporation,

      Plaintiffs,

v.                                    Case No. 5:11-CV-00069-FPS

City of Wheeling, a West Virginia municipal corporation;
Robert G. Matheny, personally and in his official capacity
     as the Chief of Police of the City of Wheeling;
Matthew Kotson, personally and in his official capacity as a member
     of the Wheeling Police Department;
Rusty Jewell, personally and in his official capacity as a member
     of the Wheeling Police Department;
Unknown Officer No. 2, personally and in his official capacity as a member
     of the Wheeling Police Department,

      Defendants.

## CERTIFICATE OF SERVICE

    I hereby certify that on the 12th day of July, 2011, a true and correct copy of the **ANSWER OF THE CITY OF WHEELING, ROBERT G. MATHENY, MATTHEW KOTSON, RUSTY JEWELL AND UNKNOWN OFFICER NO. 2 TO PLAINTIFFS' FIRST AMENDED COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

James M. Mullins, Jr., Esq.
The Law Offices of James M. Mullins, Jr., PLLC
101 North Kanawha St., Suite 401
Beckley, WV 25801
*Counsel for Plaintiffs*

  /s/Heather M. Noel
Heather M. Noel, WV Bar No. 7814
John L. MacCorkle, WV Bar No. 2286
Attorneys for Defendants
MacCorkle, Lavender & Sweeney, PLLC
2004 White Willow Way
Morgantown, WV 26505
304/599-5600 phone
304/599-8141 fax
hnoel@mlclaw.com
jmaccorkle@mlclaw.com