```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


KEITH OWEN CAMPBELL, LARRY OWEN CAMPBELL and
WEST VIRGINIA CITIZENS DEFENSE LEAGUE, INC.,
a West Virginia nonprofit corporation,

       Plaintiffs,

v.                                      Civil Action No. 5:11CV69
                                                       (STAMP)
CITY OF WHEELING, a West Virginia
municipal corporation,
ROBERT G. MATHENY, personally and in
his official capacity as the Chief of
Police of the City of Wheeling,
MATTHEW KOTSON, personally and in
his official capacity as a member
of the Wheeling Police Department,
RUSTY JEWELL, personally and in his
official capacity as a member of
the Wheeling Police Department and
UNKNOWN OFFICER NO. 2, personally and
in his official capacity as a member
of the Wheeling Police Department,

       Defendants.
```

**ORDER CONFIRMING PRONOUNCED ORDER OF THE COURT
APPROVING STIPULATION OF DISMISSAL
OF CAMPBELL PLAINTIFFS' CLAIMS,
VACATING SCHEDULING ORDER,
AND ORDER TO SHOW CAUSE**

This case is a civil rights action filed in this Court by Keith Owen Campbell and Larry Owen Campbell ("the Campbell plaintiffs") and the West Virginia Citizens Defense League, Inc., a non-profit corporation ("WVCDL"). The complaint resulted from an incident in a KFC Restaurant in Wheeling, West Virginia between the Campbell plaintiffs and several Wheeling police officers. The complaint alleges that the Wheeling police officers present violated a number of the Campbells' rights under the United States

and West Virginia Constitutions in their handling of an investigation into Mr. Keith Owen Campbell's possession of a firearm. The complaint also asserts claims for false imprisonment, assault, and battery against Mr. Keith Owen Campbell, claims for wanton endangerment of both Campbell plaintiffs, a claim for intentional or reckless infliction of emotional distress of both Campbell plaintiffs, and claims of negligent training and supervision of the police officers.

At the time that this action was filed, all plaintiffs were represented by Mr. James Mullins, Jr. However, on February 27, 2012, attorney Paul J. Harris entered an appearance on behalf of the Campbell plaintiffs. On May 29, 2012, Joseph A. Wallace also entered an appearance on behalf of the Campbell plaintiffs. Plaintiff WVCDL continues to be represented by Mr. Mullins only. On June 6, 2012, the Campbell plaintiffs filed a motion to dismiss the claims of the WVCDL, arguing that the WVCDL has failed to prosecute this matter, has not participated in discovery, and failed to appear at its deposition, which was properly noticed by the defendants. On June 14, 2012, the defendants also filed a motion to dismiss the WVCDL, or alternatively, for summary judgment on the claims of the WVCDL, citing failure to prosecute, and failure on the merits. Finally, on August 9, 2012, the Campbell plaintiffs and the defendants filed a stipulation of dismissal of the claims of the Campbell plaintiffs, asserting that the Campbell

plaintiffs and the defendants have fully settled and resolved all of the Campbell plaintiffs' claims.

On August 27, 2012, counsel for the Campbell plaintiffs and counsel for the defendants appeared before this Court for a status and scheduling conference. At that conference, counsel for the Campbell plaintiffs informed this Court that Mr. Mullins had recently died. Counsel for the Campbell plaintiffs provided this Court with an obituary evidencing Mr. Mullins' death on August 23, 2012. Under the circumstances, this Court approved the Campbell plaintiffs' and the defendants' stipulation of dismissal of the Campbell plaintiffs' claims in this action, and vacated the existed scheduling order of August 23, 2011. This order is in confirmation of the pronounced orders made at the conference. Accordingly, the Campbell plaintiffs' and the defendants' stipulation of dismissal of the Campbell plaintiffs' claims is APPROVED. All claims of the Campbell plaintiffs are thus DISMISSED WITH PREJUDICE. Further, the scheduling order in this matter is hereby VACATED.

Additionally, under the circumstances above-described, this Court finds it necessary to grant the WVCDL an opportunity to show cause why its claims in this action should not be dismissed. Accordingly, the WVCDL is ORDERED to file a memorandum showing cause why its claims should not be dismissed for failure to prosecute, or for any of the other reasons asserted by the defendants on or before **September 10, 2012**. However, it is well-settled that a corporation must be represented by an attorney in

federal court. See Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602, 609 (11th Cir. 1984), cert. denied, 471 U.S. 1056 (1985); Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983); Richdel, Inc. v. Sunspool Corp., 699 F.2d 1366, 1366 (Fed. Cir. 1983). Therefore, if the WVCDL wishes to show cause why its claims should not be dismissed, it must obtain counsel, which counsel must appear on behalf of the WVCDL and file a memorandum showing cause why the claims of the WVCDL should not be dismissed on or before the above deadline.

    IT IS SO ORDERED.

    The Clerk is directed to transmit a copy of this order to counsel of record herein and to the West Virginia Citizen's Defense League, Inc. at its last known address of P.O. Box 11371, Charleston, West Virginia 25339.

    DATED:    August 28, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE